**Nitza KEANE, Plaintiff–Appellant,**

v.

**Frank M. KEANE, Defendant–Appellee.**

No. 13–853.

United States Court of Appeals, Second Circuit.

Jan. 13, 2014.

Nitza Keane, pro se, White Plains, NY, for Plaintiff–Appellant.

Matthew John Keating, Maffei Maffei & Keating, Yonkers, NY, for Defendant–Appellee.

PRESENT: DENNIS JACOBS, RAYMOND J. LOHIER, JR., CHRISTOPHER F. DRONEY, Circuit Judges.

## SUMMARY ORDER

Nitza Keane appeals from the dismissal of her action for fraud against her former husband. The district court dismissed the complaint for lack of subject matter jurisdiction under the domestic relations exception. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo.*" *Maloney v. Soc. Sec. Admin.,* 517 F.3d 70, 74 (2d Cir.2008) (per curiam). Dismissal of a complaint is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).

The domestic relations exception to subject matter jurisdiction generally "encom-passes only cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards,* 504 U.S. 689, 704, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); *see Am. Airlines, Inc. v. Block,* 905 F.2d 12, 14 (2d Cir.1990) (noting that the domestic relations exception generally applies only when a district court is asked to grant a divorce, determine alimony, or award custody of a child). However, there are exceptions. *See Ankenbrandt,* 504 U.S. at 705, 112 S.Ct. 2206 (noting that it may be appropriate for courts to abstain from exercising subject matter jurisdiction "in a case involving elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody"). "A federal court presented with matrimonial issues or issues on the verge of being matrimonial in nature determination in state courts." *Am. Airlines,* 905 F.2d at 14 (internal quotation marks omitted).

We find no error in the magistrate judge's dismissal of Keane's action for lack of subject matter jurisdiction for the reasons stated in the magistrate judge's memorandum decision and order.

We have considered Keane's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the magistrate judge.